USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

DONALD RACKLEY,

                    Plaintiff,

    -against-


CONSTELLIS, LLC, CONSTELLIS
HOLDINGS, LLC, and
CENTERRA GROUP, LLC


                    Defendants.

----------------------------------------------------------------x

Civil Action No.
22-cv-4066 (GHW)(RWL)

## DISCOVERY CONFIDENTIALITY AGREEMENT AND ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is hereby stipulated and agreed by and between counsel for Plaintiff Donald Rackley ("Plaintiff") and counsel for Defendants Constellis, LLC, Constellis Holdings, LLC, and Centerra Group, LLC (collectively referred to herein as "Defendants"), as follows:

1.      Any party to this litigation and any third-party shall have the right to designate, in good faith, as "Confidential" and subject to this Discovery Confidentiality Agreement and Order (the "Agreement and Order") any information, document, or thing, or portion of any document or thing: (a) that contains any non-public information, including, but not limited to: trade secrets; competitively sensitive technical, marketing, financial, sales or other confidential business information; proprietary technical information; submissions of information to regulatory agencies that are designated confidential or for which confidential treatment has been requested; proprietary

1

policies and procedures; proprietary business planning documents; business transition documents and analysis; proprietary business strategies and marketing plans, transactions and strategies, and analysis of same; financial or tax data; proprietary contracts; customer lists and information; costs; pricing; current and former employee personnel information, medical and/or leave information, and employment compensation information; current and former employee personnel files and related documents (including, but not limited, any information contained therein); product and market development and planning; (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any party to this litigation or any third party covered by this Agreement and Order that produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      Any party to this litigation and any third-party shall have the right to designate, in good faith, as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony, shall mark the same with the foregoing or similar legend:

"ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only").

3.       All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material to those not identified in Paragraph 4 below, except by prior written agreement of counsel for the parties, or by Order of the Court.

4.       Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a.       Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b.       Testifying and consulting experts or consultants retained by counsel for any party for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.       Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.       The Court and court personnel;

e.       Any deponent in any deposition, hearing, trial, ADR proceeding and in the preparation for the same may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.       Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters,

3

litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.      The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5.      Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.      With respect to any depositions, motions, or trial exhibits that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2, 3 and 4. Should a deponent exercise his or her right to review and sign deposition transcripts under FRCP 30(f)(1), then such time to do so shall be extended an additional thirty (30) days after the

initial thirty (30) day period identified in this Paragraph 6 above providing for the time period to designate the transcript or portions thereof as Confidential.

       7.     If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

       a.     Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

       b.     If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter subject to the judge's preferences and procedures, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.[1]

---

[1] Where Confidential information is discussed in a written correspondence to the Court, no document is to be provided to the Court, or if a document is provided, it shall only be provided in camera for the Court's review. Further, any letter discussing confidential information should only be provided to the Court for in camera review, and should not be part of the public record.

8.      All requests to seal documents filed with the Court shall comply with applicable federal and local rules.

9.      If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

10.      To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Agreement and Order.

11.      When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if

appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12.     No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Agreement and Order.

13.     This Agreement and Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Agreement and Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

14.     This Agreement and Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

15.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Agreement and Order. To the extent a party requests the return of Confidential material

from the Court after the final conclusion of the litigation, including the exhaustion of all appeals

therefrom and all related proceedings, the party shall file a motion seeking such relief.

16.     The Court retains the right to allow disclosure of any subject covered by this

stipulation or to modify this stipulation at any time in the interest of justice.

So stipulated by and between the undersigned, who agree to be bound by this

Discovery Confidentiality Agreement and Order whether or not the same is "So Ordered" by the

Court:

**AGREED AS TO FORM AND ENTRY:**

LAW OFFICES OF ERIC DINNOCENZO      JACKSON LEWIS P.C.
*Attorneys for Plaintiff*                               *Attorneys for Defendants*

By: _____                 By_____
    Eric Dinnocenzo, Esq.                           Ryan C. Chapoteau, Esq.
                                                               Daniel L. Blanchard, Esq. (*PHV* Anticipated)

    Dated:                                              Dated:

Dated:  December 7, 2022

**SO ORDERED:**

This __17th__ day of __January_____, 2022

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------x
DONALD RACKLEY,

                                          Civil Action No.
                                          22-cv-4066 (GHW)(RWL)

                        Plaintiff,

      -against-


CONSTELLIS, LLC, CONSTELLIS
HOLDINGS, LLC, and
CENTERRA GROUP, LLC



                      Defendants.
 ------------------------------------------------------------x



**EXHIBIT A:  AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY AGREEMENT AND ORDER**

        I,_____, being duly sworn, state

that:

      1.      My address is _____ .

      2.      My present employer is _____and the

address of my present employment is _____

_____.

      3.      My present occupation or job description is _____

_____.

      4.      I have carefully read and understood the provisions of the Discovery

Confidentiality Agreement and Order in this case signed by the Court, and I will comply with all

provisions of the Discovery Confidentiality Agreement and Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Agreement and Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.      I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____        _____
                                                                    [Name]