```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
DONALD RACKLEY,                                    :
                                                   :
                              Plaintiff,           :
                                                   :                1:22-cv-4066-GHW
              -v -                                 :
                                                   :                MEMORANDUM
CONSTELLIS, LLC, CONSTELLIS                        :                OPINION & ORDER
HOLDINGS, LLC, *and* CENTERRA GROUP,               :
LLC,                                               :
                                                   :
                              Defendants.          :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Donald Rackley had a long, successful career in the United States Marshals Service (the "USMS"). After he left the service, he applied for several jobs with a private contractor that worked under the direction of the USMS. He was not hired for three of those jobs—one of which was a position as a "contract manager" or "CM." Mr. Rackley filed this case as a result, claiming that the defendants' failure to promote him was the result of racial discrimination.

On June 17, 2024, Judge Robert W. Lehrburger issued a very thorough and thoughtful report and recommendation. In it, he recommended that the defendants be denied summary judgment with respect to most of the plaintiff's claims. The Court adopts nearly all of the recommendations in full. However, the Court departs from the recommendation that the Court find that the plaintiff was not qualified for the CM position because that recommendation gave undue weight to the written job description for the position. In this case, the written job description cannot be treated as conclusive evidence of the required qualifications for the job because, like the defendant, the person ultimately hired for the position did not meet the requirements detailed in the job description. The Court adopts the well-reasoned report and recommendation with this modification and grants in part and denies in part the defendants' motion for summary judgment.

I.    BACKGROUND

The Court refers the reader to the Report and Recommendation issued by Judge Lehrburger on June 17, 2024 (the "Report").[1]  Dkt. No. 67.  The Report contains a comprehensive description of the procedural history of the case and the arguments and factual record presented by the parties in connection with the defendants' motion for summary judgment.  The Court assumes the reader's familiarity with the Report.

    A.    The Report and Recommendation

        1.    **Plaintiff's Failure to Promote Claims**

In the Report, Judge Lehrburger carefully reviewed the arguments presented by the defendants in support of their motion for summary judgment.  The Report first evaluated Mr. Rackley's failure to promote claims.  The Report recommended that the Court deny the motion with respect to all of those claims other than Mr. Rackley's claim that the defendants had discriminated against him by denying his requests for a promotion to the position of "contract manager" or "CM." Report at 19-23.  With respect to that claim, the Report concluded that the plaintiff had failed to make the *prima facie* showing required at step one of the famous burden shifting test established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In particular, the Report concluded that the plaintiff had failed to establish that he was qualified for the CM position.  The Report relied heavily on the fact that the plaintiff did not have all of the qualifications set forth in the job description posted for the position.  As the Report described,

> The CM job description provides in relevant part that a candidate must "possess a Bachelor's degree and course work and/or professional certifications relevant to contract management. . ."  In other words, to be qualified, a candidate had to have either (1) a Bachelor's Degree and course work relevant to contract management, or (2) a Bachelor's Degree and professional certifications relevant to contract management.

---

[1] Terms used without definition in this opinion have the meaning set forth in the Report.

2

Report at 19 (quoting job description) (internal citation omitted). Mr. Rackley did not have a bachelor's degree, and, as a result, the Report concluded, Mr. Rackley had not made a *prima facie* showing that he was qualified for the position.

To reach this conclusion, the Report rightly disregarded arguments based on the plaintiff's "subjective belief" about what the job should require. *Id.* at 20. That approach reflected the well-established principle that "being 'qualified' refers to the criteria the employer has specified for the position." *Thornley v. Penton Pub., Inc.*, 104 F.3d 26, 29 (2d Cir. 1997).

The Report also disregarded evidence presented by the plaintiff that, viewed in the light most favorable to the plaintiff, showed that a person involved in the hiring process on behalf of the defendants believed that the plaintiff was qualified for the CM position. Report at 21-22. In a January 21, 2020 email, Mr. Bolen, a Constellis Vice President, told Mr. Rackley that "I copy that I put you in for both jobs. I concur that you are qualified for both." *Id.* at 20. The Report noted that there were disputes of fact regarding whether Mr. Bolen's email related to an "earlier application for the same CM position" for which Mr. Rackley applied later in the year, and as to whether Mr. Bolen "was a relevant decision-maker," or if he "genuinely agreed that Rackley was qualified or was dissembling . . . ." *Id.* at 21. In the context of a motion for summary judgment, these factual disputes need to be resolved in favor of the plaintiff. So for purposes of the motion, Mr. Bolen was talking about an earlier application by Mr. Rackley for the same job that Mr. Rackley was later denied; Mr. Bolen was a relevant decision-maker; and Mr. Bolen genuinely believed that the plaintiff was qualified for the position. The Report appropriately drew these inferences in the plaintiff's favor.

Still, the Report concluded that the email from Mr. Bolen was irrelevant because Mr. Bolen's statements regarding the plaintiff's qualifications were contradicted by the job description. "Even drawing all inferences in favor of Rackley, the CM job description plainly stated that a Bachelor's degree was required. Rackley does not have a Bachelor's degree." *Id.* at 22.

3

### 2. Plaintiff's Race Discrimination Claims

The Report then evaluated the defendants' motion with respect to three discrete discriminatory actions alleged by Mr. Rackley: his removal from the position of lead firearm instructor, his loss of email access, and the fact that he was sometimes required to work the night shift by himself. Report at 46-61. Of those claims, the Report recommended that the Court grant the defendants' motion for summary judgment with respect to all but Mr. Rackley's "email-related race discrimination claim . . . ." *Id.* at 61.

### 3. Plaintiff's Whistleblower Retaliation Claims

Finally, the Report reviewed the defendants' motion for summary judgment with respect to Mr. Rackley's claims that the defendants had retaliated against him in violation of Section 740 of the New York Labor Law and 41 U.S.C. § 4712(a)(1). *Id.* at 61-79. The Report recommended that the motion be denied with respect to both of the plaintiff's retaliation claims. *Id.* at 79.

### B. The Objections

The Court granted the parties' request for a 30 day extension of the deadline to file objections to the Report. Dkt. No. 69. Both the defendants and the plaintiff filed timely objections to the Report's conclusions. In their objections to the Report, the defendants objected to each of the Report's recommendations to deny their motion. Dkt. No. 71.

The plaintiff's objections were more targeted. Dkt. No. 72. The plaintiff did not object to the Report's recommendation that judgment be entered for the defendants with respect to the plaintiff's claims for discrimination on the basis of his removal from his role as a firearms instructor and his solitary work on the night shift.

The plaintiff did object to the Report's conclusion that he had not demonstrated that he was qualified for the CM position, however. The heart of his objection was an argument that the Report gave too much weight to the written job description—"in effect holding it to be sacrosanct, and [ignoring] that the defendants disregarded the description in other significant respects when it made

4

the hiring decision . . . ." *Id.* at 6-7.  The plaintiff flagged the fact that the person who the defendants ultimately hired for the job did not meet the job description's requirement that he have course work in contract management in addition to a bachelor's degree.  The plaintiff argued that, as a result, the job description could not be accepted on its face as an accurate statement of the defendants' view of the qualifications required for the job.  The plaintiff argued in his objections that the Report erred by accepting the job description as incontrovertible evidence of the defendants' view of the requirements of the job, rather than as one data point—one that had been called into question by the evidence that the defendants did not follow the job description.

The plaintiff also pointed to evidence that showed that the defendants viewed him as qualified for the position notwithstanding his lack of a bachelor's degree.  Two of those pieces of evidence should be highlighted here.  The first was the email from Mr. Bolen stating that he believed Mr. Rackley to be qualified for an earlier-posted version of the same job.  The second was the fact that Mr. Rackley had been interviewed for that earlier-posted version of the job.  In a January 9, 2020 email, Constellis wrote to Mr. Rackley that "[i]f your experience and skills match the requirements of this position, we will contact you with the next stage in our hiring process."  Dkt. No. 72-7.  One of the requirements for the position contained in the job description was that a candidate have a bachelor's degree.  *Id.*  Mr. Rackley did not have a bachelor's degree, but was interviewed for the position nonetheless.

The parties filed timely responses to their respective objections on August 7, 2024.  Dkt. Nos. 73, 74.

## II.     LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and

recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865(LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted). "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (internal citation and quotation marks omitted).

Finally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal citation and quotation marks omitted); *see Piligian v. Icahn School of Medicine*, 490 F. Supp. 3d

6

707, 716 (S.D.N.Y. 2020) ("new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all") (quoting *Syed Mohammad Aftab Kartm, MD, Faans v. New York City Health and Hospitals Corp., et al.*, No. 17 Civ. 6888, 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020); *Watson v. Geithner*, No. 11 Civ. 9527, 2013 WL 5441748 (S.D.N.Y. Sep. 27, 2013) ("[A] party waives any arguments *not* presented to the magistrate judge." (emphasis in original)).

### III.  DISCUSSION

The Court treats all of the parties' objections as sufficiently precise to merit *de novo* review. Neither party, however, objects to the Report's description of the governing legal standards applicable to the Court's review of a motion for summary judgment generally, and with respect to the evaluation of the plaintiff's claims in particular. Nor do they object to the Report's description of the governing law. The Report's careful explanations of those legal standards are accurate, and the Court adopts them for purposes of this opinion. The parties dispute not the governing legal principles articulated in the Report, but, rather, the Report's application of them to the factual record presented to it.

#### A.  Defendants' Objections are Overruled

In light of the defendants' objections, the Court has reviewed *de novo* those portions of the motion that are the subject of the objections. The Court rejects the objections and adopts the Report in full with respect to the issues that are the subject of the defendants' objections. The defendants' motion for summary judgment with respect to those claims is denied.

#### B.  Plaintiff's Objections are Sustained

There are no objections to the Report's recommendation that summary judgment be granted with respect to the plaintiff's claims for discrimination in connection with the termination of his role as a firearms instructor and his solitary work on the night shift. The Court has reviewed those

aspects of the Report for clear error and finds none. The defendants' motion for summary judgment with respect to those claims is granted.

The Court concludes that the defendants' motion for summary judgment should be denied with respect to the plaintiff's failure to promote claim regarding the CM position. The Second Circuit has "repeatedly held, the qualification necessary to shift the burden to defendant for an explanation of the adverse job action is minimal; plaintiff must show only that he possesses the basic skills necessary for performance of [the] job." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001), *as amended* (June 6, 2001).

As described above, the Report founded its recommendation on the fact that written job description required that a candidate have a bachelor's degree, and that Mr. Rackley did not have that qualification. Because it treated the written job description as conclusive evidence of the defendants' view of the required qualifications for the job, the Report concluded that other evidence showing that the defendants believed the plaintiff to be qualified notwithstanding his lack of a bachelor's degree was irrelevant.

In this case, the written job description is not dispositive, incontrovertible evidence of the defendants' view of the qualifications required for the position.[2] That is because the person who the defendants ultimately hired for the position did not meet the all of the requirements laid out in the written job description. As the Report noted, the job description required that a qualified applicant have *both* (1) a bachelor's degree *and* (2) either course work or professional certifications relevant to contract management. The person who the defendants hired for the CM position instead of Mr. Rackley had a bachelor's degree, but did not have the purportedly required coursework or

---

[2] The Court observes that in other contexts, written job descriptions are not treated as dispositive of the question of the requirements or responsibilities of a job. *See, e.g.*, *Garcetti v. Ceballos*, 547 U.S. 410, 424–25 (2006) ("Formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes.").

8

professional certifications relevant to contract management. *See* Dkt. No. 62 ("56.1 Statement") ¶¶ 57, 106, 107; Dkt. No. 60-6 (Deposition of John Drago) (testifying regarding his coursework and professional certifications) at 9:25-12:11. Because the defendants did not follow the written job description when they made their ultimate hiring decision, the job description cannot be treated as an incontrovertible statement of the qualifications required for the position. And the evidence presented by the plaintiff showing that he was qualified for the job cannot be disregarded as irrelevant.

Taking the facts in the light most favorable to the non-moving party, Mr. Rackley has presented sufficient evidence to show that he was qualified for the CM position. First, Mr. Rackley was certified as a contract manager. 56.1 Statement ¶¶ 104, 105. This is the second requirement listed in the written job description. Second, as described above, Mr. Rackley was interviewed for the position in response to an earlier job posting. The cover email from Constellis stated that his application would only be advanced to that stage if his experience and skills matched the requirements of the position. Dkt. No. 72-7. These facts support the inference that a hiring authority at Constellis determined that he matched the requirements of the job notwithstanding his lack of a bachelor's degree. Third, a Constellis Vice President told Mr. Rackley in writing that he agreed that Mr. Rackley was qualified for that position. A reasonable jury could infer from these facts that Mr. Rackley was qualified for the CM job.

Having found that the plaintiff has satisfied his burden at the first step of the *McDonnell Douglas* balancing test, the Court turns to steps two and three. The defendants have met their burden at step two. So too has the plaintiff at step three, for the reasons described in his opposition to the motion for summary judgment. *See* Dkt. No. 57 at 15-19. Among other things, the plaintiff has presented evidence that the rationale presented for the defendants' decision not to hire him was false. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 102 (2d Cir. 2001), *superseded in part and on other grounds by* Fed. R. Civ. P. 37(e) ("A motion for summary judgment may be defeated where a

plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." (internal quotations omitted)).  The defendants justified their decision not to hire Mr. Rackley by pointing to the fact that he did not meet all of the job requirements stated in the written job description.  But they hired someone for the position who also did not meet all of those requirements.  A reasonable jury could conclude from that fact—together with the evidence that Mr. Rackley was viewed as qualified for the position when it was posted previously—that the defendants' explanation for their decision not to hire him was pretextual.  Therefore, the defendants' motion for summary judgment with respect to this claim is denied.

### IV.     CONCLUSION

For these reasons, the Court adopts the Report in part.  The defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART.  The motion is granted with respect to the plaintiff's claims for discrimination on the basis of his removal from his role as a firearms instructor and his solitary work on the night shift.  The motion is otherwise denied.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 50.

SO ORDERED.

Dated: August 14, 2024
       New York, New York

_____
GREGORY H. WOODS
United States District Judge